IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONJA HENSON | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:23-cv-4 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tonja Henson, by and through her undersigned counsel, files this complaint against Defendant Baltimore City Board of School Commissioners ("the Board" or "BCBSC") based on employment discrimination. She alleges as follows:

**BASIS OF ACTION**

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* "ADA", and under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000, *et seq.*, for declaratory and monetary relief based on unlawful discrimination in the workplace due to Ms. Tonja Henson's disabilities, religion, and in retaliation for engaging in protected activities.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 and 1343, because this action, in part, arises under the Constitution of the

1

United States and the laws of the United States and asserts violations of civil rights secured by the United States Constitution and by federal law.

3. Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because the Plaintiff's causes of action arose within the District of Maryland. In addition, there is no other district within which this action may be brought, and the defendant operates the public school system in Baltimore City, Maryland.

## PARTIES

4. Plaintiff Henson resides in Baltimore, Maryland. Plaintiff is a citizen of Maryland.

5. Plaintiff is an employee of BCBSC as defined by Title VII and Md. Code, Lab. & Empl. § 11-301(b).

6. Defendant BCBSC is an authority created under the laws of the State of Maryland for the purpose of administering, managing, and operating the public schools in Baltimore City.

7. Defendant is an employer as defined by 42 U.S.C. § 2000e(b) and a covered entity under 42 U.S.C. §12111.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted her administrative remedies. Specifically, a Charge of Discrimination and an Amended Charge of Discrimination were timely filed with the Maryland Commission on Civil Rights ("MCCR") asserting claims under Title VII and the ADA, listed as EEOC Charge No. 846-2022-02878. The Equal Employment Opportunity Commission ("EEOC"), under a work-sharing agreement with the MCCR, issued a "right to sue" letter to the Plaintiff dated

October 5, 2022. Plaintiff is filing this Complaint within 90 days of receipt of that notice.

**FACTS**

9. Ms. Henson began her employment with BSBSC on October 4, 2001 as a substitute teacher. She currently holds the position of a Staff Associate at Frederick Douglass High School.

10. During her tenure with BSBSC, Ms. Henson has been praised for her work, culminating in her promotion to Staff Associate in 2012.

11. For the 2020-2021 academic school year, Ms. Henson was recruited by Stephanie Farmer, Principal ("Principal Farmer"), for the position of Staff Associate at Vivien T. Thomas Medical Arts Academy ("Vivien"), under the supervision of Principal Farmer.

12. Ms. Henson is a practicing Baptist and works as a Pastor of her congregation.

13. Ms. Henson has previously undergone brain surgery with the placement of a metal plate in her head, and suffers from congestive heart failure, high blood pressure, diabetes, and seizures. Ms. Henson wears braces on her legs to walk.

14. Ms. Henson's conditions significantly limit major life activities and the essential functions of her employment, and at all times relevant herein, Ms. Henson was and is a qualified individual with a disability for the purposes of the ADA.

15. On December 9, 2020, due to her increased risk of severe illness from COVID-19, Ms. Henson submitted a reasonable accommodation request.

16. On December 17, 2020, a reasonable accommodation was granted, providing Ms. Henson the ability to work remotely Monday through Thursday, and in-person on Friday in a private office space with a door, to keep Ms. Henson separated and socially distanced from others.

17. Between March 2021 and May 2021, on various dates, Ms. Henson was absent due to medical appointments or because of her medical conditions.

18. Between March 2021 and May 2021, during such absences, Ms. Henson received various messages and calls inquiring about her working status, and/or expressing dissatisfaction with her absences resulting from her conditions.

19. On or around March 15, 2021, a student was stopped at security with a prohibited item, and Ms. Sarah Dexter-Thornton ("Ms. Thornton"), after telling Ms. Henson to be more attentive, made a comment about not having metal plates in their heads, to which another co-worker laughed. Ms. Henson found this comment to be directed to her because she has such a metal plate and found it both offensive and harassing. She informed the two individuals that she was offended by the statement.

20. On or around March 16, 2021, Principal Farmer relocated a statue of "Buddha" near the workstation of Ms. Henson, and several days thereafter, relocated the statue to another workstation of Ms. Henson. Ms. Henson indicated her opposition to the inclusion of religious iconography and the placement of it directly within her place of work.

21. In or around March 2021, Principal Farmer met with Ms. Henson, informing her that a letter was allegedly circulating, alleging Ms. Henson's comments about no longer wishing to work at Vivien. Despite Ms. Henson's requests, Principal Farmer did not produce any such letter or indicate the identity of the alleging parties.

22. In or around April 2021, Ms. Henson complained to Principal Farmer about what she believed to be discriminatory behavior by co-workers due to her disabilities.

23. On April 13, 2021, after her complaint about what she believed to be discriminatory behavior, Ms. Henson met with Principal Farmer who indicated her belief that Ms. Henson no longer wished to remain at Vivien and indicated that she had discussed transferring Ms. Henson to another school with Jacque Hayden ("Ms. Hayden"), Executive Director of Community Learning Network. Ms. Henson denied Principal Farmer's statements and opposed any such transfer.

24. On April 15, 2021, Ms. Henson complained to Ms. Hayden regarding what she believed to be religious discrimination and harassment, disability discrimination and harassment, and to report that she opposed Principal Farmer's apparent intention to transfer her due to her prior complaints.

25. On April 16, 2021, during a staff meeting, Principal Farmer delegated tasks under the supervision of Ms. Henson, as Dean of Discipline, and further indicated to staff that they were to contact the Principal and other individuals,

5

not mentioning Ms. Henson, regarding these assignments, which were within the purview of Ms. Henson's role.

26. On April 30, 2021, Principal Farmer informed Ms. Henson by phone that she had been "surplussed" for the 2021-2022 school year.

27. On or around August 24, 2021, Ms. Henson was reassigned to Frederick Douglass High School for the 2021-2022 school year as a Staff Associate.

## COUNT ONE

## Violation of the Americans with Disabilities Act

## (42 U.S.C. § 12112)

28. Ms. Henson repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29. Because Ms. Henson's disabilities substantially limit major life activities, she is a person with a disability under the ADA.

30. Ms. Henson has a record of her physical impairments, including those caused by her prior brain surgery with the placement of a metal plate, high blood pressure, congestive heart failure, diabetes, seizures, and her use of leg braces to walk.

31. Due to her recorded impairments, Mr. Henson suffers an increased susceptibility to severe illness from COVID-19.

32. Ms. Henson was granted a reasonable accommodation which limited her in-person workdays to Fridays, and she was provided a private office space to decrease her risks of exposure to disease.

33. Ms. Henson was qualified for the position of Staff Associate was able to perform the essential functions of the position with or without accommodation.

34. However, despite having an approved accommodation, on various dates, Ms. Henson was tasked with performing temperature checks of individuals entering the building, handing out bus passes to students, assisting with security, and monitoring halls, placing her at risk of exposure in violation of her granted reasonable accommodation.

35. From March 2021 to May 2021, Ms. Henson frequently received calls, texts, and emails while absent due to her medical conditions and appointments.

36. In or around March 2021, Ms. Thornton and another co-worker made an offensive joke about not having metal plates in their heads to Ms. Henson after her inadvertent oversight, whom they knew to have such a metal plate.

37. Between March 2021 and April 2021, Ms. Henson sought a key to her office space and Wanda Jackson, Assistant ("Ms. Jackson"), asked Ms. Henson to show her key chain, stating "if I gave you a key, you wouldn't remember," in an apparent reference to Ms. Henson's prior brain surgery and health conditions.

38. In or around April 2021, on a cold day, Ms. Henson was attempting to re-enter the building following student dismissal. However, despite her knocking at the door and multiple staff being present inside the door, Ms. Henson was forced to remain locked outside for an extended period of time and heard staff

comment about her knocking at the door before being allowed to re-enter the building.

39. In March 2021, Ms. Henson complained about the discriminatory behavior to Principal Farmer.

40. In April 2021, Principal Farmer indicated that she may transfer Ms. Henson based on Ms. Henson's prior complaints and opposition to what she believed to be discriminatory behavior.

41. In April 2021, Ms. Henson complained about the discriminatory behaviors and Principal Farmer's comments to Ms. Hayden.

42. On April 30, 2021, Principal Farmer informed Ms. Henson that she was "surplussed" for the following school year and would therefore no longer have a position at Viven.

43. Defendant's failure to honor Ms. Henson's accommodations violated her rights under the ADA.

44. Defendant violated Title I of the ADA when it subjected Ms. Henson to harassment and hostile work environment on the basis of her disability.

45. Defendant's discrimination harmed Ms. Henson, causing her damages as a result of the humiliation, embarrassment, as well as pain and suffering, from discriminatory treatment and practices, in addition to the costs of bringing this action.

## COUNT TWO

## Retaliation in Violation of the Americans with Disabilities Act

## (42 U.S.C. §12203)

46. Ms. Henson repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Ms. Henson informed the Defendant of discriminatory and harassing conduct based on her disability.

48. Following her complaints of discrimination and harassment, Ms. Henson was "surplussed" and forced to involuntarily transfer.

49. Defendant's interference with Ms. Henson's rights under the ADA and the subsequent action to vacate her position at Vivien, constitute retaliation in violation of the ADA.

50. Defendant's retaliation harmed Ms. Henson, causing her damages as a result of the humiliation, embarrassment, as well as pain and suffering, from retaliatory treatment and practices, in addition to the costs of bringing this action.

## COUNT THREE

## Discrimination in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

51. Ms. Henson repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52. On March 16, 2021, Principal Farmer relocated a statue of "Buddha" near the workstation of Ms. Henson, and several days thereafter, relocated the statue to another work duty location of Ms. Henson. Ms. Henson indicated her opposition to the inclusion of the religious iconography and the placement of it directly within her place of work.

53. Ms. Henson is a practicing Baptist and a Pastor of her order, a fact known to Principal Farmer.

54. Ms. Henson has a record of physical impairments, including those caused by her prior brain surgery with the placement of a metal plate, high blood pressure, congestive heart failure, diabetes, seizures, and her use of leg braces to walk, which affect major life activities.

55. Ms. Henson was awarded an accommodation to work in a segregated space, however, on various dates, Ms. Henson was tasked with performing temperature checks of individuals entering the building, handing out bus passes to students, assisting with security, and monitoring halls in violation of her granted reasonable accommodation.

56. From March 2021 to May 2021, Ms. Henson frequently received calls, texts, and emails while absent due to her medical conditions and appointments.

57. In or around March 2021, Ms. Thornton and another co-worker made an offensive joke about not having metal plates in their heads to Ms. Henson.

58. Between March 2021 and April 2021, Ms. Jackson made a discriminatory and harassing comment to Ms. Henson stating, "if I gave you a key, you wouldn't

remember," in an apparent reference to Ms. Henson's prior brain surgery and health conditions.

59. Defendant discriminated against Ms. Henson's religious preferences when it allowed specific religious iconography to persist in her workspace.

60. Defendant unlawfully harassed Ms. Henson regarding her disabilities.

61. Defendant caused Ms. Henson to be subjected to a hostile work environment based on her disability and religious preferences.

62. Defendant's discrimination harmed Ms. Henson, causing her damages as a result of the humiliation, embarrassment, as well as pain and suffering, from discriminatory treatment and practices, in addition to the costs of bringing this action.

## COUNT FOUR

## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

63. Ms. Henson repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth herein.

64. In March 2021 and April 2021, Ms. Henson engaged in a protected activity when she complained to Principal Farmer about discrimination.

65. In April 2021, Ms. Henson engaged in protected activity when she complained to Ms. Hayden about discrimination and retaliation.

66. Prior to her complaints, Ms. Henson performed the duties of her position in a satisfactory manner and never received disciplinary actions or negative

performance reviews.

67. Immediately after Ms. Henson's complaint, she was subjected to retaliatory actions.

68. On April 16, 2021, at a weekly staff meeting, Ms. Henson's duties were abrogated by Principal Farmer.

69. On April 30, 2021, Ms. Henson was informed that her position was being eliminated, or "surplussed."

70. Defendant "surplussed" Ms. Henson's position to retaliate for her prior protected activities, using budgetary constraints and a lack of success in "managing the team," as pre-text to retaliate against her.

71. Less than only two (2) months after Ms. Henson complained of discrimination and harassment to Principal Farmer, Defendant eliminated Ms. Henson's position at Viven.

72. Only two (2) weeks after Ms. Henson complained of discrimination, retaliation, and harassment, Defendant eliminated Ms. Henson's position at Vivien.

73. Defendant's stated reason for eliminating Ms. Henson's position is pretextual. Defendant eliminated Ms. Henson's position because she complained about discrimination and harassment in March and April of 2021.

74. Ms. Henson suffered damages as a result of Defendant's unlawful retaliatory actions, including humiliation, embarrassment, as well as pain and suffering, from retaliatory treatment and practices, in addition to the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Declaring the acts of the Defendant in violation of federal law;

B. Permanently enjoining the Defendant and its agents, officers, and employees from engaging in all practices found by this Court to be in violation of the relevant laws;

C. Award to Plaintiff damages for emotional suffering, and professional and personal embarrassment;

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

E. Grant Plaintiff such other or further relief as this Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: 1/3/2023                                         Respectfully Submitted,

/s/ Alexus Viegas
Alexus Viegas, Fed. Bar No. 30506
846 Ritchie Highway, Suite 2A
Severna Park, Maryland 21146
(443) 247-5444
alexus@thequinnlawgroup.com

*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd Day of January 2023, the foregoing Complaint was mailed by first-class mail to:

Office of Legal Counsel
Baltimore City Board of School Commissioners
200 E. North Avenue, Ste 208
Baltimore, MD 21202
*Attorneys for the Defendant*

/s/ Alexus Viegas
Alexus Viegas